**Gordon WILK, Appellant,**

v.

**E. BLACKWELL, Appellee.**

**No. 5954.**

Court of Civil Appeals of Texas, Waco.

April 5, 1979.

Rehearing Denied May 17, 1979.

James E. Crouch, Hamilton, for appellant.

John A. Hastings, Jr., Meridian, H. B. Gordon, Hamilton, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Wilk from judgment of $9,455.00 plus attorneys' fees, rendered against him and for plaintiff Blackwell in a suit on a sworn account.

Plaintiff Blackwell sued defendant Wilk on a sworn account to collect for 406 hours of bulldozing services alleged to have been rendered to defendant. Defendant answered by a sworn denial of each item in plaintiff's petition; and pleading alternatively acknowledged he was indebted to plaintiff in some amount, but denied the amount sued for; and further plead he had entered a verbal contract with plaintiff whereby he could pay plaintiff anytime in the next several years.

Trial was before the court which rendered judgment for plaintiff for $9,455., the amount sued for plus attorneys' fees.

The trial court filed Findings of Fact and Conclusions of Law summarized as follows:

*Findings of Fact*

1) Plaintiff and defendant entered an oral contract for work and services to be performed by plaintiff on land of defendant.

2) Plaintiff engaged in the work and completed same in accordance with the agreement and request for his services and labor made by defendant to plaintiff.

3) All the work under the oral contract was performed in a good, workmanlike and proper manner by plaintiff in accordance with the parties' agreement.

4) Defendant failed to pay the reasonable cost of the work performed by plaintiff in accordance with the oral agreement and contract.

5) The balance remaining due and unpaid to plaintiff from defendant for the work performed was $9,455.

*Conclusions of Law*

1) The District Court of Hamilton County has jurisdiction of this suit.

2) The oral contract for services between plaintiff and defendant constitute a valid contract and obligation of defendant to pay plaintiff the reasonable cost of the services rendered by plaintiff to defendant.

3) Defendant has failed to pay plaintiff the total amount of the reasonable cost of the work performed.

4) Plaintiff is entitled to receive from defendant a reasonable attorney's fee.

Defendant appeals on 19 points summarized as follows:

1) There is no evidence and/or insufficient evidence to support Findings of Fact 2, 3, 4 and 5.

2) The trial court erred in its Conclusions of Law 2 and 3 because there is no evidence and/or insufficient evidence to support such findings.

3) The trial court erred in its Conclusion of Law 4 since there is no valid judgment to support award of attorneys' fees to plaintiff.

The bulldozer operator Wagner, an employee of plaintiff, testified he worked on the property of defendant pushing brush for 176 hours, plus working 186 hours in the building of a tank for defendant. Bulldozer operator and employee of plaintiff Montgomery testified he operated his Caterpillar tractor and scraper on defendant's property for 58 hours. And there is testimony that $25 or $30 per hour is a reasonable charge for such work.

Plaintiff testified to the contract to do the work, that he had repeatedly billed defendant; that defendant had paid $1,800 on the bill and still owed $9,455.

■ The witnesses Wagner and Montgomery refreshed their memories of the hours worked from log books kept by them at the time they performed the work. There is evidence that such records were kept in the normal course of employment and on a daily basis, and that such records were kept in the regular course of plaintiff's business. See *University Savings and Loan Assn. v. Security Lumber Co.,* Tex., 423 S.W.2d 287.

Defendant testified he owed plaintiff something, but not as much as he was sued for and that he had an agreement with plaintiff that he could pay plaintiff for the work when he could over a period of several years.

■ The evidence is ample to support the findings and judgment of the trial court, and the trial court's Conclusions of Law are correct.

All defendant's points are overruled.

AFFIRMED.